(Pleito No. 11.—Fallado el 15 de Diciembre de 1899.)

## IGLESIAS contra BOLÍVAR.

RECURSO contra sentencia dictada por el Tribunal de Distrito de San Juan.

1.—DEMANDA EJECUTORIA. El despacho de ejecución es imperativo cuando la obligación y el título están comprendidos dentro de los artículos 1,438 y 1,465 de la Ley de Enjuiciamiento Civil. Este precepto es aplicable á toda clase de contratos, v. gr: un arrendamiento.

2.—CLAUSULA PENAL. Una ejecución puede incluir la satisfacción de la pena cuando dicha facultad ha sido claramente otorgada como indemnización adicional. (Artículo 1,153 del Código.)

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á quince de Diciembre de mil ochocientos noventa y nueve, en el pleito pendiente ante Nos, en virtud de recurso de casación por infracción de Ley, seguido en el Tribunal del Distrito de San Juan por la sucesión de Don Eudaldo J. Iglesias y Font, de esta Ciudad, dirigida y representada por el Letrado Don Rafael López Landrón y Don Gorgonio de Bolívar y Alvarez, que no ha comparecido en el estado en que se encuentra el litigio, sobre despacho de ejecución.—Resultando: Que por escrituras públicas, primeras copias, de veinte y siete de Febrero de mil ochocientos

noventa y uno y diez y seis de Mayo de mil ochocientos
noventa y cuatro, consta que la sucesión de Don Eudaldo J.
Iglesias y Font, arrendó á Don Gorgonio de Bolívar y Alva-
rez una fábrica de fósforos, cita en el barrio de la Marina, de
esta Ciudad, duradero el contrato hasta el 31 de Diciembre
de mil novecientos uno, estipulándose como precio del
arrendamiento tres mil quinientos pesos anuales que había
de pagar Bolívar en esta Capital por trimestres vencidos
desde el veinte y ocho de Marzo de mil ochocientos noventa
y cuatro, conviniéndose además que si "sobre la inteligencia,
" desarrollo y cumplimiento del contrato ocurriesen dudas y
" reclamaciones de todo género, se acudiría al juicio de ami-
" gables componedores, que en número de tres, elegirán
" ambas partes dentro del término de tercero día de común
" acuerdo, comenzando á contarse ese plazo desde que por
" carta ó acta notarial se hiciese constar la necesidad de
" dicho arbitramiento; que en caso de que no se aviniesen
" las partes respecto á la designación de los amigables com-
" ponedores, quedarían aquéllas en libertad de acudir á los
" Tribunales de Justicia, estipulando además que el contra-
" tante que faltase á las condiciones y cláusulas del contrato
" pagaría al otro por ese simple hecho una indemnización de
" cuatro mil pesos, sin perjuicio, siempre, del cumplimiento
" de las obligaciones contraídas en el convenio"; cuyas
cláusulas, hoy pertinentes, quedan reseñadas.—Resultando:
Que por acta notarial de catorce de Septiembre del año
anterior, se requirió á Don Juan Arruza y Urrutia en su
carácter de apoderado general de Bolívar para que satis-
ficiese el importe de los tres últimos trimestres del arrenda-
miento, y en el caso de que pretestase algún motivo para
dejar de hacerlo, entendía la sucesión requirente que era
necesario acudir al juicio de amigables componedores, y al
efecto hacían constar la necesidad de dicho arbitramiento, y
designaban al Letrato Don Emilio García Cuervo y como
tercero para el mismo cargo á Don Jorge Finlay, ambos
vecinos de esta Ciudad, contestando el requerido Arruza

que si bien él y Don Pedro de Bolívar eran apoderados de
Don Gorgonio, no tenían instrucciones de éste respecto del
asunto en cuestión, y que si algunas recibían obrarían de
acuerdo con ellas.—Resultando: Que por acta notarial de
veinte y cuatro de Noviembre del año anterior, habiendo
sabido la sucesión Iglesias que el Señor Arruza había desig-
nado como amigables componedores al Letrado Don Juan
Hernández López, Don José H. Boneta y Don Carlos Conde,
le hizo saber que estaba conforme con el primero y además
designaba por su parte á los también Letrados Don Manuel
F. Rossy y Don Emilio García Cuervo para que manifestase
si los aceptaba para proceder á lo demás consiguiente, mani-
festando el requerido que había leído la notificación y que
en su día contestaría lo que á su juicio procediese.—Resul-
tando: Que enterada la sucesión en carta dirigida por el
Señor Arruza al Presidente del Consejo de familia de que
aquél mantenía su candidatura para amigables componedo-
res, levantó acta notarial protestando, según dice, del parcial
proceder de Arruza representante de Don Gorgonio de Bolí-
var con el fin de cumplir las cláusulas 12ª y 13ª de la escri-
tura de obligación que se relacionan en el primer resul-
tando, notificándose esta resolución á Arruza el mismo día
del otorgamiento del acta, ó sea el treinta de Noviembre del
año próximo pasado.—Resultando: Que con los documen-
tos referidos y en cuatro de Octubre último la sucesión de
Don Eudaldo J. Iglesias y Font presentó escrito al Tribunal
de Distrito de San Juan, estableciendo demanda ejecutoria
contra Don Gorgonio de Bolívar y Alvarez, solicitando que
se despachase mandamiento de ejecución por los trimestres
vencidos de arrendamiento desde el veinte y siete de Fe-
brero de mil ochocientos noventa y ocho al veinte y siete de
Agosto del año actual, por la indemnización de cuatro mil
pesos pactada por incumplimiento del contrato, ascendente
todo á diez mil ciento veinte y cinco pesos con seiscientos
más que se calculan para costas, y lo demás inherente á
esta clase de juicios ejecutivos.—Resultando: Que el Tri-

bunal, bajo el fundamento de que no siendo las escrituras que se acompañan títulos constitutivos de obligaciones de deber cantidades en metálico ó en especie liquidadas y vencidas, y sí constitutivos de un contrato de arrendamiento de una industria, declaró que no había lugar á despachar la ejecución.—Resultando: Que contra esa resolución se interpuso el recurso de súplica, y denegado por las mismas razones que antes se tuvieron en cuenta, se anunció el de casación por infracción de Ley, el cual se tuvo por anunciado, y con citación y emplazamiento de las partes se elevaron los autos originales á este Tribunal Supremo.—Resultando: Que dentro del término se personó el recurrente é interpuso el recurso, fundándolo en el caso 1º del artículo 1,689 y número 1º del artículo 1,690 de la Ley de Enjuiciamiento Civil y en las disposiciones 78 y 79 de la Orden General número 118, citando como infringidos los artículos 1543, 1,555, 1,125 y 1,091 del Código Civil, el artículo 69 de la Orden General número 118, y los 1,427 caso 1º, 1,433 y 1,438 de la Ley de Enjuiciamiento Civil, sosteniéndose el recurso en el acto de la vista que tuvo lugar el nueve del actual.—Visto, siendo Ponente el Juez asociado Don José Mª Figueras Chiqués.—Considerando: Que para el despacho de ejecución es imperativo categórico el precepto contenido en el artículo 1,438 de la Ley de Enjuiciamiento Civil, cuando sean válidas la obligación y el título, y tenga este fuerza ejecutiva por carecer de defecto extrínseco, tratarse de plazos vencidos y ser líquida y exigible la cantidad.—Considerando: Que sea cualquiera la naturaleza y denominación legal de los contratos que los títulos contengan, no puede negarse el despacho de ejecución, sino únicamente cuando concurran los dos primeros casos del artículo 1465 de la citada Ley, que es el referente al anteriormente citado.— Considerando: Que si sobre los plazos trimestrales á que se refiere la demanda está mal denegada la ejecución, lo está también por lo que respecta á la indemnización, porque en las obligaciones con cláusula penal, la pena sustituye á la

indemnización de daños y al abono de intereses en caso de falta de cumplimiento, y es claro que lo accesorio ha de seguir la suerte de lo principal, cuando otra cosa no se ha pactado, según así lo dispone el artículo 1,152 del Código Civil; y en el presente caso, tanto los plazos como la indemnización están vencidos, expresan cantidades en numerario líquidas, son exigibles, el título no contiene defecto extrínseco, y éste y la obligación no son nulos, únicos casos en que podría negarse el despacho de la ejecución que se interesa.—Considerando: .Que según el 1,153 ha podido exigirse conjuntamente el cumplimiento de la obligación y la satisfacción de la pena, porque esta facultad ha sido claramente otorgada, según se expresa en el primer resultando que contiene de modo literal las cláusulas pertinentes de la obligación.—Considerando: Que siquiera sea como precedente histórico, debe tenerse en cuenta la Ley 35, título XI, partida 5ª que ordenaba que si bajo cierta pena se prometía á día señalado dar ó hacer alguna cosa y no se cumplía en su oportunidad, obligado se estaba á pagar la pena, y esta es otra razón en pro del vencimiento y exigibilidad de la indemnización que ejecutivamente se reclama, Ley que seguramento sirvió de fundamento á los artículos del Código Civil que regulan las obligaciones con cláusula penal.—Considerando: Que por las razones expuestas el Tribunal inferior ha infringido las disposiciones que se citan, especialmente los artículos 1,438 y 1,465 de la Ley de Enjuiciamiento Civil.—Fallamos: Que debemos declarar y declaramos haber lugar al recurso de casación interpuesto por la sucesión de Don Eudaldo J. Iglesias y Font, y en su consecuencia, casamos y anulamos el auto dictado por el Tribunal del Distrito de San Juan en trece de Octubre último y su concordante de diez y siete de Noviembre; despáchese la ejecución y sustancíese el juicio con arreglo á derecho, á cuyo fin comuníquese certificación de esta sentencia.—Así por esta nuestra sentencia que se publicará en la *Gaceta,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Juan Morera Martínez—Luis de Ealo y Domínguez.

Publicación.—Leída y publicada fué la anterior sentencia, así como el voto particular que emitiera el Señor Juez Asociado Don Juan Morera Martínez, por el Señor Juez Don José Mª Figueras Chiques, Ponente en este recurso, celebrando audiencia pública el Tribunal Supremo en el día de hoy, de que como Secretario certifico, en Puerto Rico, á 15 de Diciembre de 1899..—E. de J. López Gaztambide.